RuettN, Chief-Justice.
 

 The points in this case are the same as those in
 
 Gregory
 
 v.
 
 Perkins, (ante
 
 p.
 
 50,)
 
 
 *58
 
 which has been before the court at the present term ; and the decision in that case must, of course, govern this. The only difference consists in the strength of the evidence tending to establish the supposed trust or agreement, that the deed to the defendant should bo a security only. Upon that evidence the court neither feels the liberty nor the inclination to comment, further than merely to say a presumption of fact might be drawn from it, upon which the plaintiff had a right to ask the instruction of the court as to its legal effect, if the jury should draw it. There was testimony to some inadequacy of price, and to the possession remaining at a small hire with the vendor. The sufficiency of that evidence is with the jury
 
 ;
 
 it being proper for the court to say only, that the jury ought to be fully satisfied, that it does prove the trusts and if they arc so satisfied, that the trust makes the deed, in point of law, fraudulent.
 

 It is however to be remarked, that the title of the plaintiff is in this case, exposed to the same animadversions, which are applicable to that of the defendant. He gave but little more than the defendant gave; and also, notwithstanding his absolute deed, left the possession with the vendor. Admit the deed to the defendant to be fraudulent, yet none but a
 
 bona Jide
 
 purchaser can impeach it; and that character the
 
 plaintiff must establish
 
 in himself.
 

 But as it seems to us, that proper instructions were refused by the court, and none were prayed for by the •defendant respecting the title of the plaintiff, we think there should be a new trial.
 

 Per Curiam:- — Judgment reverses..